FILED
2025 Dec-16  AM 09:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 3

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**

**B. E-MAIL CONTACT AT FILER (optional)**
UCCTEAM1@RASI.COM

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

REGISTERED AGENT SOLUTIONS, INC.

1701 DIRECTORS BLVD

SUITE 300

AUSTIN, TX 78744

> **Delaware Department of State**
> **U.C.C. Filing Section**
> **Filed: 05:27 PM 09/30/2022**
> **U.C.C. Initial Filing No: 2022 8185712**
>
> **Service Request No:  20223669273**

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| CONTOUR BUCKINGHAM AL LLC | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 40950 WOODWARD AVENUE, SUITE 300 | BLOOMFIELD HILLS | MI | 48304 | US |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 255 E. BROWN STREET, SUITE 400 | BIRMINGHAM | MI | 48009 | US |

**4. COLLATERAL:** This financing statement covers the following collateral:
See Exhibit "A" attached hereto and made a part hereof.
Collateral Description - please see attached

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| **6a.** Check only if applicable and check only one box: | **6b.** Check only if applicable and check only one box: |
|---|---|
| ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien ☐ Non-UCC Filing |

**7.** ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
FILE WITH DELAWARE SOS

International Association of Commercial Administrator

**FILING OFFICE COPY** — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

**EXHIBIT A**

Debtor hereby grants and transfers to Secured Party a security interest in all of the property of Debtor described as follows:

      (a)     All rights to payment, accounts, deposit accounts, chattel paper (whether electronic or tangible), instruments, promissory notes, documents, licenses, general intangibles, payment intangibles, software, letter of credit rights and health-care insurance receivables now existing or at any time hereafter arising and whether they arise from the sale, lease or other disposition of inventory or from performance of contracts for service, manufacture, construction, repair or otherwise or from any other source whatsoever, including without limitation all security, guaranties, warranties, indemnity agreements, insurance policies, supporting obligations and other agreements pertaining to the same or the property described therein;

      (b)     All inventory, goods held for sale or lease or to be furnished under contracts for service, goods so leased or furnished, and all software embedded therein and component parts thereof, and all raw materials, work in process and materials used or consumed in Debtor's business now or at any time hereafter acquired by Debtor wherever located, whether in the possession of Debtor or any warehouseman, bailee or any other person or in process of delivery and whether located at Debtor's places of business or elsewhere, and all warehouse receipts, bills of lading and other documents evidencing any of the foregoing and all goods covered thereby, including without limitation all security, guaranties, warranties, indemnity agreements, insurance policies, supporting obligations and other agreements pertaining to the same or the property described therein, and all renewals thereof;

      (c)     All tools, machinery, furnishings, furniture and other equipment and fixtures, and all improvements, replacements, accessions and additions thereto and embedded software included therein, whether now owned or hereafter acquired by Debtor, wherever located, whether in the possession of Debtor or any other person and whether located on Debtor's property or elsewhere, including without limitation all security, guaranties, warranties, indemnity agreements, insurance policies, supporting obligations and other agreements pertaining to the same or the property described therein, and all renewals thereof, including without limitation all of the foregoing now or hereafter affixed or to be affixed to, and whether or not severed and removed from, the real property described on Schedule 1 attached hereto and incorporated herein by this reference (if Schedule 1 is attached) or the improvements thereon;

(collectively called "Collateral"), together with all proceeds thereof, including whatever is acquired when any of the Collateral or proceeds thereof are sold, leased, licensed, exchanged or otherwise disposed of, whether such disposition is voluntary or involuntary and whatever is collected on or distributed on account thereof, including without limitation, (i) all rights to payment however evidenced, (ii) all goods returned by or repossessed from Debtor's customers, (iii) rights arising out of Collateral, (iv) claims arising out of the loss, nonconformity, or interference with the use of, defects or infringement of rights in, or damage to, the Collateral, (v) insurance payable by reason of the loss or nonconformity of, defects or infringement of rights in, or damage to, the Collateral, (vi) returned insurance premiums, and (vii) all rights to payment with respect to any claim or cause of action affecting or relating to any of the foregoing (hereinafter called "Proceeds").