FILED

2026 Jan-26  PM 02:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | **2:25-cv-02136-GMB** |
| **CONTOUR BUCKINGHAM AL LLC,** | ) | |
| **CONTOUR CALLINGTON AL, LLC** | ) | |
| **and** | ) | |
| **CONTOUR CARLYLE AL LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## RECEIVER'S INITIAL MONTHLY OPERATING REPORT
## DATED AS OF JANUARY 23, 2026

Farbman Group, in its capacity as the court-appointed receiver (the "***Receiver***"), submits this monthly operating report for the period from December 23, 2025 through January 23, 2026 (the "***Reporting Period***").

### Administration of the Receivership Estate and Facility Operations

Since the Receiver's appointment on December 23, 2025, pursuant to and in accordance with the *Order Appointing Receiver* (the "***Receivership Order***") (Dkt. No. 18), the Receiver has maintained access to and control over the Receivership Estate.[1] In connection with those efforts, the Receiver has, among other things,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the Receivership Order.

conducted meetings with on-site and regional management personnel and employees of the Facilities; made in-person visits to the Facilities to inspect physical conditions, unit occupancy, and overall property operations; taken actions necessary to obtain possession and control of bank accounts and other assets required for the continued operation and maintenance of the Facilities; interviewed key personnel; provided management oversight and operational direction at the Facilities; and is in the process of reviewing historical financial reports relating to the Receivership Estate, and preparing current financial reports. The Receiver will continue to take all actions the Receiver deems necessary and advisable to fulfill the Receiver's obligations under the Receivership Order.

## Turnover of Assets and Records

Pursuant to the Receivership Order, the Receiver is, among other things, authorized and directed to control, manage, administer, operate, and protect the Receivership Estate. To that end, the Receiver demanded that the Defendants deliver to the Receiver all items necessary to operate and administer the Facilities. To date, the Defendants have cooperated in turning over control of the operations of the Facilities to the Receiver and providing the Receiver with access to requested information. The Receiver will continue (y) investigating whether requests for additional information are necessary and (z) assessing whether the Receiver has obtained access to all of the Receivership Estate.

Paragraph JJ on Pages 30-31 of the Receivership Order directs the Defendants to provide the Receiver with a sworn statement listing: "(a) the identity, location and estimated value of all property, books, records, contracts and other assets related to and/or appurtenant to the Facilities; (b) the names, identities, and contact information (telephone, mailing address, and email address) of all management companies, managers, employees, subcontractors, accountants, attorneys, other personnel, and any other agents providing goods or services to or in connection with the Facilities; (c) a complete inventory of the Facilities' assets and liabilities, including any ongoing litigation related to the Facilities or their operations; and (d) copies of all Contracts and Licenses, agreements, leases, and service agreements related to the Facilities." The sworn statement was due on or before January 13, 2026. The Receiver has requested this information from Defendants, and Defendants have, thus far, cooperated with the Receiver and provided certain information. The Receiver will determine whether further action is needed regarding the sworn statement.

The Receiver has commenced an independent inventory of the Facilities. As of the date of this report, partial inventory lists have been completed and are included in the Receiver's Monthly Financial Report attached hereto as **Exhibit A**. The Receiver is continuing to conduct inventory of each individual unit, which is

expected to be completed in January 2026 and will be filed with the Receiver's next report.

## Management of the Property

The Receiver maintains exclusive possession and control over the Receivership Estate, as contemplated and directed by the Receivership Order. Since its appointment, the Receiver or Receiver's undersigned counsel has, in addition to the other items reported herein and as more specifically detailed in the Receiver's Financial Report:

1.    Inspected all the Facilities;

2.    Engaged a local regional manager to oversee the Facilities;

3.    Initiated review of all vacancies for condition and security;

4.    Taken control of the Facilities' bank accounts;

5.    Engaged a team to repair a sewage line break;

6.    Reviewing and obtaining details on city violations relating to the Facilities; and

7.    Initiated an investigations into any outstanding claims against the Facilities.

## Financial Performance

Paragraph KK on Page 31 of the Receivership Order provides that the Receiver shall prepare and serve on all parties a report detailing the financial results

of the operations of the Receivership Estate. Attached as **Exhibits A** is a copy of the Receiver's Monthly Financial Report.

### **Retention of Professionals and Incurred Professional Fees**

As provided in Paragraph R on Pages 24-25 of the Receivership Order, the Receiver retained Epstein Becker & Green, P.C. ("*EBG*") to act as general counsel to the Receiver and assist with the legal work required to advise and represent the Receiver with respect to his general duties under the Receivership Order.  In accordance with Paragraph FF on Page 29 of the Receivership Order, the Receiver and EBG will seek payment of the Receiver's and EBG's fees and expenses on or before the twentieth (20th) of each calendar month.  In each instance a fee application is filed, unless a party files a written objection with fourteen (14) calendar days of the filing of the respective fee application, the respective fee application will be deemed approved on an interim basis and the Receiver shall be authorized to pay the fees and expenses as necessary expenses of operation of the Facilities without further order of the Court.  As of the date of this report, the Receiver has not paid any professional fees.  EBG will separately file its first fee application in conjunction

with this Report. The Receiver does not anticipate filing a fee application until the submission of the next report.

### Pending Matters

As of the date this operating report, the Receiver has no motions pending before the Court.

January 26, 2026.                                    Respectfully submitted,

**EPSTEIN BECKER & GREEN, P.C.**

BY: */s/ Ryan K. Cochran*
**Ryan K. Cochran**
**Bar Number: ASB-1748-N70C**
Epstein Becker & Green, P.C.
1222 Demonbreun Street, Suite 1400
Nashville, TN 37203
Telephone: 615.564.6060
rcochran@ebglaw.com

*ATTORNEY FOR COURT*
*APPOINTED RECEIVER, FARBMAN*
*GROUP*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have delivered a true and copy of the document, either via U.S. mail postage prepaid or via electronic mail, as follows:

<u>Via CM/ECF</u>:

Chris Glenos
Macy Walters
Bradley Arant Boult Commings
One Federal Place
1819 Fifth Avenue
North Birmingham, AL 35203-2104

Frank C. Galloway III
David Schoel
The Woodcrest Group, LLC
2200 Woodcrest Place, Suite 315
Birmingham, AL 35209

<u>Via Electronic Mail</u>:

C. David Bargamian
Kerr, Russell and Weber, PLC
500 Woodward and Weber, PLC
Detroit, MI 48266
dbargamian@kerr-russell.com

*/s/ Ryan K. Cochran*
Ryan K. Cochran