FILED

2026 Jun-22  PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, N.A.**, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | **2:25-cv-02136-GMB** |
| **CONTOUR BUCKINGHAM AL LLC,** | ) | |
| **CONTOUR CALLINGTON AL, LLC** | ) | |
| **and** | ) | |
| **CONTOUR CARLYLE AL LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## RECEIVER'S MONTHLY OPERATING REPORT
## DATED AS OF JUNE 22, 2026

Farbman Group, in its capacity as the court-appointed receiver (the "***Receiver***"), submits this monthly operating report for the period from May 1, 2026, through May 31, 2026 (the "***Reporting Period***").

### Administration of the Receivership Estate and Facility Operations

Since the Receiver's appointment on December 23, 2025, pursuant to and in accordance with the *Order Appointing Receiver* (the "***Receivership Order***") (Dkt. No. 18), the Receiver has maintained access to and control over the Receivership Estate.[1] In connection with those efforts, the Receiver has, among other things,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given them in the Receivership Order.

conducted meetings and trainings with on-site and regional management personnel and employees of the Facilities; made in-person visits to the Facilities to inspect physical conditions, unit occupancy, and overall property operations; taken actions necessary to obtain possession and control of bank accounts and other assets required for the continued operation and maintenance of the Facilities; provided management oversight and operational direction at the Facilities; and is in the process of reviewing historical financial reports relating to the Receivership Estate, and preparing current financial reports. The Receiver will continue to take all actions the Receiver deems necessary and advisable to fulfill the Receiver's obligations under the Receivership Order.

## Turnover of Assets and Records

Pursuant to the Receivership Order, the Receiver is, among other things, authorized and directed to control, manage, administer, operate, and protect the Receivership Estate. To that end, upon the Receiver's appointment, the Receiver demanded that the Defendants deliver to the Receiver all items necessary to operate and administer the Facilities. As previously reported, on March 11, 2026, the Receiver issued a demand letter after the Defendants failed to comply with multiple document requests, including requests for financial records. Thereafter, on April 8, 2026, the Receiver filed *Receiver's Motion for Show-Cause Order and to Hold Defendants in Contempt for Failing to Comply with Receivership Order* (the "**Show-**

*Cause Motion*"). After the Show-Cause Motion was filed, Defendants produced requested documents and, as a result, on April 16, 2026, the Receiver filed a withdrawal of the Show-Cause Motion. As of this date, the Defendants have produced the requested documents. The Receiver will continue (y) investigating whether requests for additional information are necessary and (z) assessing whether the Receiver has obtained access to all of the Receivership Estate, and will seek the Court's assistance if necessary.

As previously reported, upon the Receiver's appointment, the Receiver commenced an independent inventory of the Facilities. The Receiver previously provided a partial inventory list of all supplies and personal property. An inventory of personal property in vacant units was completed during the Reporting Period. The Receiver is continuing to conduct inventory of occupied units and will file a final inventory list upon completion.

## **Management of the Property**

The Receiver maintains exclusive possession and control over the Receivership Estate, as contemplated and directed by the Receivership Order. As previously reported, on or about December 30, 2025, as provided in Paragraph R on Pages 24-25 of the Receivership Order, the Receiver replaced the then current management company and engaged The Farbman Group, to, among other things, manage the day-to-day operations of the Facilities. The Farbman Group is being paid

a market-rate of two- and one-half percent (2.5%) of Gross Monthly Collections (as defined in the Management Agreement) a month to manage the Facilities. Separate construction management fees may apply for overseeing planning, design, and construction at the Facilities. If applicable, said construction management fees are 4% for projects ranging from $50,000 to $100,000 and 3% for projects over $100,000. Wells Fargo approved the Receiver's entry into the management agreement.

Since its appointment, the Receiver or Receiver's undersigned counsel has, in addition to the other items reported herein and as more specifically detailed in the Receiver's Monthly Financial Report attached hereto as **<u>Exhibit A</u>**:

1. Continued to inspect all of the Facilities;

2. Continued reviewing all vacancies to evaluate each unit's readiness for occupancy;

3. Continued to inspect the Facilities to assess condition, security and inventory;

4. Continued to relocate residents due to hazards found in certain units;

5. Worked with management to clear multiple violations at the Buckingham Facility;

6. On June 3, 2026, the Receiver received notice from the City of Homewood that five (5) buildings at the Buckingham Facility will be

brought before the Housing Code Abatement Board due to safety concerns. If the board votes to recommend condemnation, the Receiver will have until August 3, 2026 to remedy or demolish the buildings.

7. Repaired sidewalks, grates, potholes and gutters at the Carlyle Facility and Callington Facility.

8. On April 3, 2026, the Wage and Hour Division for the United States Department of Labor initiated an investigation to determine compliance at the Facilities with the Fair Labor Standards Act. The Receiver has engaged with the Wage and Hour Investigator and produced requested documents in its possession to the Wage and Hour Investigator. As of the date of this report, the Wage and Hour Division's investigation has not been fully resolved. With regards to the Receivership Estate, the Wage and Hour Division's investigation has centered on the period from December 30, 2025 to February 9, 2026, during which Contour continued to staff the workers at the Facilities.

9. Evaluated the Facilities to determine necessary capital expenditures.

### **Financial Performance**

Paragraph KK on Page 31 of the Receivership Order provides that the Receiver shall prepare and serve on all parties a report detailing the financial results of the operations of the Receivership Estate. Attached as **Exhibit A** is a copy of

pages 1–18 of the Receiver's Monthly Financial Report. The complete report is 110 pages in length and has been contemporaneously provided in full to counsel for the Defendants and counsel for the Plaintiff.

### Retention of Professionals and Incurred Professional Fees

As provided in Paragraph R on Pages 24-25 of the Receivership Order, the Receiver retained Epstein Becker & Green, P.C. ("*EBG*") to act as general counsel to the Receiver and assist with the legal work required to advise and represent the Receiver with respect to his general duties under the Receivership Order. In accordance with Paragraph FF on Page 29 of the Receivership Order, the Receiver and EBG will seek payment of the Receiver's and EBG's fees and expenses on or before the twentieth (20th) of each calendar month. In each instance a fee application is filed, unless a party files a written objection with fourteen (14) calendar days of the filing of the respective fee application, the respective fee application will be deemed approved on an interim basis and the Receiver shall be authorized to pay the fees and expenses as necessary expenses of operation of the Facilities without further order of the Court.

### Pending Matters

As of the date of this operating report, the Receiver has no motions pending before the Court.

June 22, 2026.                    Respectfully submitted,

                                 **EPSTEIN BECKER & GREEN, P.C.**

                                 BY:*/s/ Ryan K. Cochran*
                                 **Ryan K. Cochran**
                                 **Bar Number: ASB-1748-N70C**
                                 Epstein Becker & Green, P.C.
                                 1222 Demonbreun Street, Suite 1400
                                 Nashville, TN 37203
                                 Telephone: 615.564.6060
                                 rcochran@ebglaw.com

                                 *ATTORNEY FOR COURT*
                                 *APPOINTED RECEIVER, FARBMAN*
                                 *GROUP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have delivered a true and copy of the document, either via U.S. mail postage prepaid or via electronic mail, as follows:

<u>Via CM/ECF</u>:

Chris Glenos
Macy Walters
Bradley Arant Boult Commings
One Federal Place
1819 Fifth Avenue
North Birmingham, AL 35203-2104

Frank C. Galloway III
David Schoel
The Woodcrest Group, LLC
2200 Woodcrest Place, Suite 315
Birmingham, AL 35209

<u>Via Electronic Mail</u>:

C. David Bargamian
Kerr, Russell and Weber, PLC
500 Woodward and Weber, PLC
Detroit, MI 48266
dbargamian@kerr-russell.com

/s/ Ryan K. Cochran
Ryan K. Cochran